UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN GEORGE BODNAR, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:20-CV-183-PPS-JPK |
| LAKE COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Steven G. Bodnar, a prisoner without a lawyer, initiated this case with a document titled as a "Motion to File a Class Action Suit for Mistreatment of Inmates with Possible Personal Injury per Covid-19 Corona Virus Outbreak of 2020," which I construe as a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bodnar's allegations here are largely duplicative of his allegations in *Bodnar v. Lake County Jail*, 2:20-CV-157-PPS-APR (filed Apr. 15, 2020). Bodnar has made his intention to initiate a second case abundantly clear, and the focus of this second case appears to be his assertion that this case should be certified as a class action. However,

it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Therefore, Bodnar may only represent himself on his own claims.

Furthermore, it is malicious to sue the same defendants for the same events in two cases. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). To the extent that Bodnar is pursuing claims against Lake County Jail, Sheriff Oscar Martinez, Warden Michael Zenk, Sgt. Collins, and All Jail Staff and Departments due to the handling of Covid-19 at the Lake County Jail, his allegations are duplicative and he may not proceed on those claim here.

Bodnar has named one defendant in this case that he has not named in *Bodnar v. Lake County Jail*, 2:20-CV-157-PPS-APR: Deputy Warden K. O'Connor. Bodnar, however, has not alleged facts suggesting that O'Connor violated his rights. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Bodnar has not alleged facts suggesting that K. O'Connor was personally involved in any violation of his rights, he may not

proceed against him.

While it seems unlikely that Bodnar will be able to state a claim in this case that is not duplicative of the allegations he is pursuing in *Bodnar v. Lake County Jail*, 2:20-CV-157-PPS-APR (filed Apr. 15, 2020), he will nonetheless be granted an opportunity to amend his complaint if, after reviewing my order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). If Bodnar decides to file an amended complaint, he should use the form that the Clerk will send to him and explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible. Bodnar should also make it clear whether he is a pretrial detainee or has been convicted of an offense and is serving a sentence.

Bodnar has also provided an address other than the Lake County Jail in hopes that he will be released soon. Bodnar's current address is the Lake County Jail. When he is released, it is his obligation to report a change of address to the court.

Finally, Bodnar has filed two motions to add statements of other inmates, which were docketed as part of his complaint. ECF 1 at 5-10. Because Bodnar has filed the statements, they are part of the record in this case. These motions will be denied as unnecessary.

For these reasons, the court:

(1) DENIES Steven G. Bodnar's motions to add statements of inmates as unnecessary (ECF 1 at 5-10);

3

(2) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form, Pro Se 14 (INND Rev. 2/20), and send it to Steven G. Bodnar;

(3) GRANTS Steven G. Bodnar until **June 5, 2020**, to file an amended complaint; and

(4) CAUTIONS Steven G. Bodnar, that, if he does not respond by that deadline, his case will be dismissed because it is duplicative and, as to Deputy Warden K. O'Connor, does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: May 6, 2020.

                                             /s/   Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT