UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

STEVEN GEORGE BODNAR,

    Plaintiff,

    v.

LAKE COUNTY JAIL et al, et al.,

    Defendants.

CAUSE NO. 2:20-CV-183-PPS-JPK

OPINION AND ORDER

Steven George Bodnar, a prisoner without a lawyer, filed a complaint in this case that appeared to be duplicative of a case he had already initiated, *Bodnar v. Lake County Jail*, 2:20-CV-157-PPS-APR (filed Apr. 15, 2020). Rather than dismissing this case as a malicious duplicate, I gave Bodnar an opportunity to file an amended complaint that was not duplicative of his claims pending in 2:20-CV-157-PPS-APR. He has now filed an amended complaint. ECF 5. In addition, he seeks to combine this case with 2:20-CV-157-PPS-APR, he wants the defendants to produce video footage, and he seeks to "add Covid-19 incidents." ECF 6; ECF 7; ECF 8.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

There are numerous problems here. First off – for whatever reason, Bodnar chose to initiate two cases, not one. I will not combine them. However, Bodnar is in no way required to pursue his claims in both cases. He is welcome to raise all of his allegations related to how the Lake County Jail has handled the Covid-19 pandemic in a single case. I cannot provide Bodnar with legal advice – these are his cases, and he must decide if he will litigate his claims in one case or two cases. However, he will not be permitted to raise the same claims against the same defendants in both cases because it is malicious to do so. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). In other words, whatever he litigates here cannot duplicate what he is litigating in 2:20-CV-157-PPS-APR.

Next, the amended complaint does not contain sufficient factual allegations to state a claim. Bodnar's amended complaint reads more like a request for counsel than a complaint, and - despite its title – he is seeking additional time to file yet another amended complaint. Setting aside the request for counsel and additional time to file yet another amended complaint for the moment, Bodnar's amended complaint asserts only legal conclusions that his rights have been violated and vague allegations about his health, safety, and wellbeing being disregarded by jail staff. I've told Bodnar that, in his amended complaint, he needed to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured

2

by the events that transpired, providing as much detail as possible. ECF 4. He has not done so.

Moreover, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). In some circumstances, the court may ask counsel to volunteer to represent indigent parties for free. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654. In support of his motion, Bodnar notes that he lacks legal knowledge, has limited law library access, and has already made several mistakes in attempting to litigate his claims. At this juncture, if Bodnar has claims he wants to pursue in this case, he will need to file another amended complaint. This requires only a short and plain statement telling what each defendant did wrong, as explained above. His filings in this case to date suggest that he is competent enough to explain to me what happened and why he believes his rights have been violated. Until I have received Bodnar's second amended complaint and screened it, as required by 28 U.S.C. § 1915A, it would be premature to appoint counsel. This case is in its infancy. I cannot make an accurate determination regarding Bodnar's ability to handle this case as it progresses and it is not yet clear how difficult this case will be. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) ("[T]he case [is] still in its infancy, thereby making it impossible at [this] juncture to make any accurate

3

determination regarding [the plaintiff's] abilities or the outcome of the lawsuit."). For these reasons, I will not appoint counsel at this early stage.

Additionally, it is problematic that Bodnar has produced an amended complaint that simultaneously represents that he intends to present yet another amended complaint in the future. Although I have screened his amended complaint and determined that it does not state a claim, it is a waste of scarce judicial resources to screen a complaint when that complaint makes clear that it does not reflect the claims that he ultimately intends to present to the court.

Furthermore, until there is a complaint before me that states a claim, I cannot even consider granting a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). These determinations cannot be made without knowing exactly who Bodnar is suing in this case, why he believes those defendants are liable to him, and why he believes he will suffer irreparable harm if a preliminary injunction is not issued. Furthermore, any injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). Even if Bodnar demonstrated a likelihood of success on the merits of an alleged constitutional violation, an order directing that Bodnar be released from prison would not be a narrowly tailored remedy.

Although I've told Bodnar that he can't obtain relief on behalf of other inmates, he still seeks relief for inmates other than himself. He cannot do this. "A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted).

In the interests of justice, I will permit Bodnar to amend his complaint again, if he desires to do so. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). The next step here is that Bodnar needs to decide if he has claims to pursue that do not duplicate the claims he is raising in 2:20-CV-157-PPS-APR and, if he does, whether he wishes to pursue those claims in this case. If he has determined that he will pursue all of his claims in 2:20-CV-157-PPS-APR, then he does not need to file anything further in this case. It will be dismissed when the deadline to file a second amended complaint has passed.

If ***and only if*** Bodnar desires to maintain two separate cases with non-duplicative claims, then he needs to file a second amended complaint in this case. If Bodnar needs additional time to file his second amended complaint, he can file a motion asking for an extension. However, the second amended complaint itself should not ask for additional time to file an amended complaint. It also should not seek relief on behalf of other inmates. Completing the second amended complaint should not require legal research or other law library research. He will be provided with a form to use and he only needs to explain in his own words what happened, when it happened, where it happened,

5

who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

As for Bodnar's request that a video be produced (ECF 6), his request is premature. Discovery is not available to Bodnar until he has filed a second amended complaint (if he chooses to do so), I have screened that complaint, I have determined that it states a claim, the United States Marshals Service has served the defendants, and counsel for the defendants have appeared. Thus, the request for production of the video will be denied.

Finally, Bodnar seeks to "add" additional incidents to this case. ECF 8. N.D. Ind. L.R. 15-1 requires that a complaint be amended by "reproduc[ing] the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." He cannot simply add things to an existing complaint. The local rules do not permit it.

For these reasons, the court:

(1) DENIES Steven George Bodnar's request for counsel contained in his amended complaint (ECF 5);

(2) DENIES Steven George Bodnar's Motion to Produce Copy of Video (ECF 6):

(3) DENIES Steven George Bodnar's Motion to Combine Cases (ECF 7);

(4) DENIES Steven George Bodnar's Motion to Add Covid-19 Incidents (ECF 8);

(5) ORDERES Steven George Bodnar to file separate motions in each case where he is seeking relief and avoid filing requests pertaining to multiple cases in a single document;

(6) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form, Pro Se 14 (INND Rev. 2/20), and send it to Steven George Bodnar;

(7) GRANTS Steven George Bodnar until **July 6, 2020**, to file a second amended complaint; and

(8) CAUTIONS Steven George Bodnar, that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: May 21, 2020.

                                             /s/   Philip P. Simon  
                                            PHILIP P. SIMON, JUDGE  
                                            UNITED STATES DISTRICT COURT